IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK MULLINS,

      Plaintiff,                                                  No. CIV 11-2399 LKK EFB

      vs.

STONEBRIDGE LIFE INSURANCE COMPANY,

      Defendant.                                                ORDER TO SHOW CAUSE

      On April 27, 2012, third party Robert J. Gabbay, D.O., filed a motion for an order quashing a subpoena duces tecum which was issued by defendant and which directs Gabbay to appear for deposition and to produce documents in San Francisco, California on May 8, 2012. Dckt. No. 13. Although Gabbay did not notice the motion for hearing or file an application for an order shortening time, as required by this court's local rules, it appears from a review of the motion and the subpoena attached thereto that the subpoena was improperly issued from this court. Federal Rule of Civil Procedure 45(a)(2)(B) and (C) provide that a subpoena for attendance at a deposition or for the production of documents must issue from the district court where the deposition or production will take place. Fed. R. Civ. P. 45(a)(2)(B), (C). The subpoena at issue here directs Gabbay to appear for deposition and to produce documents in San Francisco, California, which is located in the Northern District of California. Because it appears

1

the subpoena was improperly issued from this court, *see* Dckt. No. 13 at 8, it also appears that the subpoena is void and that Gabbay has no duty to respond to it. *See Zamani v. Carnes*, 2008 WL 2127849, at *1 (N.D. Cal. May 19, 2008) ("A subpoena that designates the wrong issuing court is void."); *Todd v. Lamarque*, 2008 WL 2095513, at *3 (N.D. Cal. May 16, 2008) (stating that because a subpoena "was not issued in compliance with Rule 45(a)(2), it was void and the [subpoenaed party] had no duty to respond to it."); *see also U.S. Bancorp Equipment Finance, Inc. v. Babylon*, 270 F.R.D. 136, 139 (E.D.N.Y. Aug. 4, 2010) (compiling cases); *Kupritz v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994).

Accordingly, by noon on Thursday, May 3, 2012, defendant shall either withdraw the subpoena or show cause, in writing, why the subpoena should not be quashed for lack of jurisdiction. *See Small v. Ramsey*, 2011 WL 1044659, at *2 (N.D. W.Va. Mar. 21, 2011) (finding that a subpoena issued from the wrong court was "invalid on its face" and that therefore the court "lack[ed] jurisdiction either to enforce the subpoena through the motion to compel or to rule on the merits of the motion to quash"); *Doe I v. Pauliewalnuts*, 2008 WL 4326473, at *3 (W.D. Va. Sept. 19, 2008) ("[B]ecause of the mandatory language contained in Rule 45(a)(2)(C), courts have also held that they lack jurisdiction in the first instance over subpoenas which are issued improperly from the wrong court, a defect which may not be waived."). If defendant fails to timely withdraw the subpoena or show cause why the subpoena should not be quashed for lack of jurisdiction, the subpoena will be quashed.[1]

SO ORDERED.

DATED: May 1, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the subpoena will be quashed on jurisdictional grounds, the court will not consider the substantive objections to the subpoena that Gabbay makes in his motion to quash.

2